IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LORENZO COLE,

    Petitioner,

v.                                                                    CASE NO. 1:06-cv-95-MMP-AK

STATE OF FLORIDA,

    Respondent.

_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Mandamus. By separate order, the Court has, in the interest of expediting this matter, granted Petitioner permission to proceed IFP. In this mandamus petition, Petitioner asks the Court to order the Florida Supreme Court to "respond to his amended petition for writ of mandamus to compel the First District Court of Appeal to utilize its jurisdiction." *Id*. The amended petition for writ of mandamus has been pending before the supreme court since November 16, 2005. *Id*.

Federal courts have "no general power to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought...." *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973).[1] In this case, Petitioner has requested only that this Court direct

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit which were handed down before the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

the Florida Supreme Court to act on the amended petition pending before that tribunal and has not alleged anything that would take this case outside of the general prohibition against mandamus set forth in *Russell*.

Further, Petitioner has not shown that he is entitled to the extraordinary relief of mandamus which may be granted only when there is no other adequate means available to remedy a clear usurpation of power or abuse of discretion. *Jackson v. Motel 6 Multipurpose, Inc*., 130 F.3d 999, 1004 (11th Cir. 1997). In this Court's view, this would require showing, for example, that the failure of the state supreme court to rule on his amended petition has unconstitutionally prevented Petitioner from timely pursuing his state post-conviction remedies or his federal habeas corpus remedies and seeking relief from an allegedly unlawful conviction or sentence in other venues. Instant Petitioner has not made this requisite showing.

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of mandamus, Doc. 1, be **DENIED** and this case **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** this **12th** day of May, 2006.

> s/ A. KORNBLUM
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**